**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                January 17, 2013

Courtroom Deputy:   Monique Wiles
Court Reporter:     Tracy Weir
Probation Officer:  Gary Kruck

**Criminal Action No.  10-cr-00221-REB**

*Parties:*                              *Counsel:*

UNITED STATES OF AMERICA,               Linda Kaufman
                                        James Allison
       Plaintiff,

v.

1.  STEVEN J. MASCARENAS,               John Tatum

       Defendant.

**SENTENCING MINUTES**

**9:08 a.m.    Court in session.**

Appearances of counsel.  Also seated at defendant's table is private investigator, Mark Hopko.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Mr. Tatum requests that three people be allowed to address the court on behalf of the defendant.  Court grants the request.

Statement by Mr. Hopko.

Statement by Julie Mascarenas.

Statement by Jackie Mascarenas.

Mr. Tatum makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

**10:36 a.m.     Court in recess.**

**11:02 a.m.     Court in session.**

Ms. Kaufman orally moves to dismiss with prejudice the remaining counts of the Indictment.

Ms. Kaufman confirms that all victims of the criminal conduct of the defendant have been afforded the rights to which they are entitled under 18 U.S.C. § 3771 and F. R. Crim. P. 60.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform

- Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the government's oral motion to dismiss with prejudice all other crimes charged against the defendant in this case is **GRANTED** and that accordingly, those crimes and counts are dismissed with prejudice;

    - **Defendant Steven J. Macarenas's Motion for Non-Guideline**

        **Sentence** [#515] filed January 3, 2013, is **DENIED IN PART and GRANTED IN PART**; that the motion is denied insofar as it requests a downward departure under U.S.S.G. § 5K2.13, and the motion is granted insofar as it requests a downward sentence variance but only insofar as consistent with the foregoing findings of fact and conclusions of law entered by this court;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts 1, 7, and 9 of the Indictment and Counts 1 and 2 of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **sixty-three (63) months** on each of Counts 1, 7, and 9 of the Indictment, to be served concurrently with each other; a term of **eight (8) months** on Count 1 of the Information, to be served consecutively to the sentences imposed on Counts 1, 7, and 9 of the Indictment; and a term of **one (1) month** on Count 2 of the Information, to be served consecutively to all other sentences imposed on all other counts, for a **total sentence of seventy-two (72) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** on each of the five counts of conviction to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

- that the defendant shall not possess or use illegally controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

- that the defendant shall apply any monies or revenues or income received from income tax refunds, lottery winnings, devises, inheritances, judgments, and any anticipated or unanticipated financial gains to the outstanding court ordered obligation to pay restitution;

- that any employment for the defendant shall be approved in advance by his probation officer;

- that the defendant shall permit contact between his probation officer and his employer, or employers, including, but not limited to, full-time, part-time, temporary, or contract employers;

- that the defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income and other taxes;

- that the defendant is prohibited from engagin in employment where he would solicit funds for investment or where he would have custody and/or control over investor unds, and he may not serve as a signatory on any accounts possessing or containing investor funds;

- that the defendant shall not be employed in an fiduciary position or capacity;

- that the defendant shall not sponsor, manage, attend, participate in, or play any role in any financial real estate or investment-based seminars, meet-up groups, coaching sessions, individual sessions, group sessions, web sessions, blogs, twitter postings, and any other form of contact without the prior permission of his probation officer;

- that the defendant shall not represent himself to any person or entity as an advisor or expert in the fields of finance or real estate, whether for profit or nonprofit;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $500.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood or FMC Rochester;

11. That the defendant's request for a judicial recommendation for designation to a Bureau of Prisons facility with RDAP is **DENIED**;

12. That the defendant shall pay restitution for the benefit of the victims identified in the presentence report, payable immediately to the care of the Clerk of the Court in full, in the amount of $1,776,162.00, to be paid by the defendant jointly and severally with co-defendant Kathy J. Mascarenas and co-defendant Katrina Y. Roberts, but as to co-defendant Roberts, only to the extent of $1,214,793.00; restitution, if not paid immediately, to be paid in monthly installments of not less than ten percent (10%) of the defendant's monthly gross income as determined periodically by his probation officer with payments commencing during the term of supervised release; provided that interest on restitution is waived; and

13. That the defendant is remanded to the custody of the United States Marshal.

The defendant has waived his right to appeal the sentences imposed.

**11:43 a.m.    Court in recess.**

Total time in court:   02:09

Hearing concluded.